JACOB YOUNG SOO PARK and ROSE YONE PARK, Plaintiffs-Appellees, *v.* ROMEO A. ESPERANZA, ESPERANZA REAL ESTATE INVESTMENT CO., INC., a Hawaii corporation, MORITO TSUGAWA, NATIONAL MORTGAGE AND FINANCE CO., LIMITED, a Hawaii corporation, INTERNATIONAL SAVINGS AND LOAN ASSOCIATION, LIMITED, a Hawaii corporation, Defendants, and HARRY YOUNG, WAIKIKI REALTY, LIMITED, a Hawaii corporation, Defendants-Appellants, and PIONEER FEDERAL SAVINGS AND LOAN ASSOCIATION OF HAWAII, a United States of America chartered corporation, No. K-2627, Defendant-Appellee

.NO. 6609

CIVIL NO. 47689

JUNE 10, 1981

HAYASHI, C.J., PADGETT AND BURNS, JJ.

*Per Curiam.* The facts of this case require us to *sua sponte* address the issue whether we have jurisdiction.

In addressing this issue, we will make the kind of factual analysis that an attorney contemplating appeal must make in deciding when to file his or her notice of appeal. The applicable legal considerations are stated in *Sturkie v. Han,* 2 Haw. App. 140, 627 P.2d 296 (1981); *Employees' Retirement System of the State of Hawaii v. Big Island Realty, Inc.,* 2 Haw. App. 151, 627 P.2d 304 (1981); and *Price v. Christman,* 2 Haw. App. 212, 629 P.2d 633 (1981).

Plaintiffs-Appellees Jacob and Rose Park filed and served a complaint against Romeo A. Esperanza; Esperanza Real Estate Investment Co., Inc.; Harry Young; Waikiki Realty, Limited; Morito Tsugawa; National Mortgage and Finance Co., Limited; International Savings and Loan Association, Limited; and Pioneer Federal Savings and Loan Association of Hawaii.

Thereafter, the following events occurred in the sequence stated:

1. Summary judgment was entered in favor of Pioneer.

2. Waikiki Realty and Mr. Young filed a cross-claim against Mr. Esperanza and the Esperanza corporation.

3. Pursuant to Rule 54(b), HRCP, the court clerk entered a default on the cross-claim against the Esperanza corporation.

4. Judgment was entered in favor of the Parks against Waikiki Realty, Mr. Young, and Mr. Esperanza.

5. Judgment was entered in favor of Waikiki Realty and Mr. Young against Mr. Esperanza.

6. By stipulation the Parks dismissed their claims against Mr. Tsugawa, National Mortgage, and International Savings.

7. Waikiki Realty and Mr. Young filed a notice of appeal of the judgment against them in favor of the Parks.

8. Judgment was entered in favor of the Parks against the Esperanza corporation.

Certification of an interlocutory appeal under Rule 54(b), HRCP, was neither sought nor issued.

Waikiki Realty and Mr. Young filed their notice of appeal prematurely because they filed it (1) before the Parks' claim against the Esperanza corporation was resolved; and (2) before their own cross-claim against the Esperanza corporation was resolved.

In fact, the Waikiki Realty-Young cross-claim against the Es-

234

peranza corporation still has not been resolved. Therefore, the lower court continues to have jurisdiction over the case and the case still is not ripe for appeal.

Consequently, the appeal is dismissed for lack of jurisdiction.

*Kazuhisa Abe* for defendants-appellants.

*Edward Y. N. Kim* for plaintiffs-appellees.

*Richard C. Sutton, Jr., (Kathleen Kim Coghlan* with him on the brief; *Hamilton, Gibson, Nickelsen, Rush & Moore* of counsel) for defendant-appellee Pioneer Federal Savings and Loan Association.