OTTO MOHL and MILA MOHL, Plaintiffs-Appellants, *v.* BISHOP TRUST CO., LTD., Defendant-Appellee, and YOSHINORI NAKAMURA, SHIRLEY A. NAKAMURA, KITSU NAKAMURA, LAWRENCE P. AGUINALDO, ANTONIO AGUINALDO, STELLA AGUINALDO, STATE OF HAWAII, COUNTY OF HAWAII, UNKNOWN DEFENDANTS and TO WHOM IT MAY CONCERN, Defendants

NO. 7086

CIVIL NO. 3482

JULY 17, 1981

HAYASHI, C.J., PADGETT AND BURNS, JJ.

*Per Curiam.* Sua sponte we dismiss this appeal for lack of appellate jurisdiction because it is not an appeal of a final judgment as required by Hawaii Revised Statutes § 641-1 (1976, as amended).[1]

Plaintiffs sued Bishop Trust Co., Ltd., Yoshinori Nakamura, Shirley A. Nakamura, Kitsu Nakamura, Lawrence P. Aguinaldo, Antonio Aguinaldo, Stella Aguinaldo, the State of Hawaii, and the County of Hawaii.

The State obtained an order of dismissal in its favor. Bishop Trust obtained a summary judgment in its favor. The County was dismissed by stipulation.

---

[1] Appellee's attorney, Tom C. Leuteneker, comprehensively discussed the dispositive issue in this case in an article in 9 HBJ 45 (1972) entitled "Interlocutory and Final Appeals in Hawaii."

Trial as to the remaining defendants commenced on April 6, 1978. Trial was recessed at the end of the same day subject to the call of the court. On April 26, 1978, plaintiffs filed a notice of appeal from the "Partial Summary Judgment" in favor of Defendant Bishop Trust. On May 4, 1978, the court scheduled the trial to continue on May 9, 1978. The record does not indicate any further action in the case other than action pertaining to plaintiffs' appeal.

This is a multiple claims and a multiple parties case. Absent certification under Rule 54(b), Hawaii Rules of Civil Procedure (1954, as amended), the trial court's judgment is not appealable until all of the claims or rights and liabilities of all of the parties are completely adjudicated. *Employees' Retirement v. Big Island Realty*, 2 Haw. App. 151, 627 P.2d 304 (1981).

The claims or rights and liabilities of the Nakamuras and the Aguinaldos have not been completely adjudicated and Rule 54(b) certification has not been requested nor issued. Consequently, the appeal of the trial court's summary judgment in favor of Bishop Trust is premature.

The appeal is dismissed.

*Thomas R. Kelso (Kelso* and *Battista* of counsel) (Otto Mohl and Mila Mohl, plaintiffs-appellants, on the briefs) for plaintiffs-appellants.

*Tom C. Leuteneker (Carlsmith, Carlsmith, Wichman* and *Case* of counsel) for defendant-appellee Bishop Trust Co., Ltd.