M. F. WILLIAMS, INC., Plaintiff-Appellant, *v.* CITY AND COUNTY OF HONOLULU, a municipal corporation, Defendant and Third-Party Plaintiff-Appellee, *v.* YASUO ARAKAKI, Third-Party Defendant and Fourth Party Plaintiff-Appellee, *v.* DAMES & MOORE, a California General Partnership, Fourth-Party Defendant-Appellee

NO. 7812

(CIVIL NO. 55165)

AUGUST 31, 1982

BURNS, C.J., HEEN AND TANAKA, JJ.

OPINION OF THE COURT BY BURNS, C.J.

Plaintiff M. F. Williams, Inc. (Williams), appeals the summary judgment against it in favor of defendant City and County of Honolulu (City), third-party defendant Yasuo Arakaki (Arakaki), and fourth-party defendant Dames and Moore (D&M).

*Sua sponte* we note that the judgment did not resolve all claims as to all parties and that it was not made final as permitted by Rule 54(b), Hawaii Rules of Civil Procedure (1972) (HRCP).[1] Consequently, we hold that under Rule 54(b) it is not appealable and that we do not have jurisdiction to hear the appeal. *Park v. Esperanza*, 2 Haw. App. 232, 629 P.2d 644 (1981).

The facts are as follows: By contract dated December 6, 1968, City hired Arakaki as consulting engineer to prepare plans and specifications for the construction of a sewer system in Lanikai. Arakaki hired D&M, a California general partnership, to prepare a soil investigation report, which it submitted on August 18, 1967.

Thereafter, City invited sealed bids on the project. Included in the bid/contract documents were copies of Arakaki's plans and specifications and City's General Provisions of Construction Contracts (June, 1967).

City awarded the contract to Williams on July 8, 1976, which commenced work on July 12, 1976. On September 16, 1976, while excavating a portion of the sewer line described as "Line A," Williams unexpectedly encountered "extremely dense hard live coral" and thus was required to expend much more labor and material than originally estimated.

On July 15, 1977, Williams asked City for additional compensation. On September 6, 1977, City denied the claim. On July 19, 1978,

---

[1] Rule 54(a-b) of the Hawaii Rules of Civil Procedure provides:

Rule 54. JUDGMENTS; COSTS.

(a) *Definition; Form.* "Judgment" as used in these rules includes a decree and any order from which an appeal lies. A judgment shall not contain a recital of pleadings, the report of a master, or the record of prior proceedings.

(b) *Judgment Upon Multiple Claims or Involving Multiple Parties.* When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

Williams sued City alleging that the bid/contract documents represented that the ground through which the trenching had to be done was cemented sand, not hard coral.[2]

City sued Arakaki as a third-party defendant. Arakaki sued D&M as a fourth-party defendant. Arakaki counterclaimed against City. D&M counterclaimed against Arakaki and cross-claimed against City. City cross-claimed against D&M.

All parties moved for summary judgment. Williams asked only for partial summary judgment against City on the issue of liability. City asked only for judgment against Williams. Only Arakaki and D&M asked for judgment with respect to all claims filed by or against them.

On February 7, 1980, the lower court entered the following:

### ORDER GRANTING SUMMARY JUDGMENTS

Motions for Summary Judgments by Defendant/Third-Party Plaintiff CITY & COUNTY OF HONOLULU, Third-Party Defendant/Fourth-Party Plaintiff YASUO ARAKAKI, and Fourth-Party Defendant DAMES & MOORE, and a Motion for Summary Judgment by Plaintiff having come on regularly for hearing on January 29, 1980, memoranda of counsel having been reviewed and argument of counsel considered,

IT IS HEREBY ORDERED that the Motions for Summary Judgment by Defendant/Third-Party Plaintiff CITY & COUNTY OF HONOLULU, Third-Party Defendant/Fourth-Party Plaintiff YASUO ARAKAKI, and Fourth-Party Defendant DAMES & MOORE be granted. Plaintiff's Motion for Summary Judgment is hereby denied.

Summary Judgment is hereby entered in favor of Defendant/Third-Party Plaintiff CITY & COUNTY OF HO-

---

[2] We note in passing that the legal issues present in this case have been thoroughly discussed in other contexts. *See* Annot. 86 A.L.R.3rd at 182-308 (1978); *Associated Eng'rs & Contrs., Inc. v. State,* 58 Haw. 187, 567 P.2d 397 (1977); *J. A. Thompson & Son v. State,* 51 Haw. 529, 465 P.2d 148 (1970); *Lord v. Territory,* 27 Haw. 792 (1924); Kendall, *Changed Conditions as Misrepresentation in Government Construction Contracts,* 35 GEO. WASH. L. REV. 978 (1967); Gaskins, *Changed Conditions and Misrepresentation of Subsurface Materials as Related to Government Construction Contracts,* 24 FORDHAM L. REV. 588, 595 (1956).

NOLULU, Third-Party Defendant/Fourth-Party Plaintiff YASUO ARAKAKI, and Fourth-Party Defendant DAMES & MOORE and against Plaintiff M. F. WILLIAMS, INC.

Although the lower court specifically decided all motions, it issued only one corresponding judgment when it should have entered no less than three.

Although Rule 58, HRCP,[3] contains different language than Rule 58 of the Federal Rules of Civil Procedure, we cite federal precedent and Rule 58, HRCP, in holding that the order granting and denying the motions (the second paragraph of the court's order) is not a "judgment" as that word is used in Rules 54(a), 58, and 73(a),[4]

---

[3] Rule 58 of the Hawaii Rules of Civil Procedure provides:

Rule 58. ENTRY OF JUDGMENT. Unless the court otherwise directs and subject to the provisions of Rule 54(b), judgment upon the verdict of a jury shall be entered forthwith by the clerk; but the court shall direct the appropriate judgment to be entered upon a special verdict or upon a general verdict accompanied by answers to interrogatories returned by a jury pursuant to Rule 49. When the court directs that a party recover only money or costs or that all relief be denied, the clerk shall enter judgment forthwith upon receipt by him of the direction; but when the court directs entry of judgment for other relief, the judge shall promptly settle or approve the form of the judgment and direct that it be entered by the clerk. The filing of the judgment in the office of the clerk constitutes the entry of the judgment; and the judgment is not effective before such entry. The entry of the judgment shall not be delayed for the taxing of costs.

[4] In part, Rule 73(a) of the Hawaii Rules of Civil Procedure provides:

Rule 73. APPEAL TO SUPREME COURT AND INTERMEDIATE COURT OF APPEALS.

(a) *How and When Taken.* An appeal permitted by law from a circuit court to the supreme court and the intermediate court of appeals shall be taken by filing a notice of appeal with the circuit court within 30 days from the entry of the judgment appealed from, except that: (1) upon a showing of excusable neglect the circuit court in any action may extend the time for filing the notice of appeal not exceeding 30 days from the expiration of the original time herein prescribed; (2) if a timely notice of appeal is filed by a party, any other party may file a notice of appeal within 14 days of the date on which the first notice of appeal was filed, or within the time otherwise herein prescribed, whichever period last expires. The running of the time for appeal is terminated as to all parties by a timely motion made by any party pursuant to any of the rules hereinafter enumerated, and the full time for appeal fixed in this subdivision commences to run and is to be computed from the entry of any of the following orders made upon a timely motion under such rules: granting or denying a motion for judgment under Rule 50(b); or granting or denying a motion under Rule 52(b) to amend or making additional findings of fact, whether or not an alteration of the judgment would be required if the motion is grated; or granting or denying a motion under Rule 59 to alter or amend the judgment; or denying a motion for a new trial under Rule 59. If

HRCP, and Rule 23, Rules of the Circuit Court of the State of Hawaii (1971).[5] 6 MOORE's FEDERAL PRACTICE ¶ 54.03 (2nd ed. 1982); 6A MOORE's FEDERAL PRACTICE ¶¶ 58.01[8] and 58.02 (2nd ed. 1982). An order granting a motion for judgment is not a judgment unless it contains appropriate language such as is contained in the third paragraph of the court's order.

We acknowledge that cases may have been decided and terminated in the past on the basis of an order worded as is the second paragraph. In those cases, the courts may have interpreted the relevant rules differently, may not have recognized the problem, or may have passed over the issue because it was never raised. In any event, the holding of this case will have prospective application only to pending and future cases. We do not intend, by this ruling, to resurrect terminate cases.

The third and final paragraph of the order is a "judgment."[6] However, the "Summary Judgment" "in favor of " Arakaki and D&M "and against" Williams was erroneously issued because they asserted no claims against Williams and Williams asserted no claims against them. Thus, the only valid "judgment" entered was the one

---

the order or judgment appealed from is appealable only upon the allowance of the appeal by the court entering it, any application for such allowance must be made within 10 days after entry thereof and the appeal taken within 10 days after the allowance is granted.

[5] Rule 23 of the Rules of the Circuit Court provides:

Rule 23. SETTLEMENT OF JUDGMENTS, DECREES, AND ORDERS.

Within 10 days after decision of the court awarding any judgment, decree or order which requires settlement and approval by a judge, including any interlocutory order, the prevailing party, unless otherwise ordered by the court, shall prepare a judgment, decree or order in accordance with the decision and secure the approval as to form of opposing counsel thereon and deliver the original and one copy to the court, or, if not so approved, serve a copy thereof upon each party who has appeared in the action and deliver the original and one copy to the court. If any party objects to a proposed judgment, decree or order, he shall within 5 days thereafter serve upon the prevailing party and deliver to the court a statement of his objections and the reasons therefor, or his proposed judgment, decree or order, and in such event, the court shall proceed to settle the judgment, decree or order.

[6] Preferably the judgment should have specifically stated the substance of the relief granted, but its failure to do so does not deprive it of its validity.

"in favor of " City "and against" Williams. There is no judgment in favor of D&M and against Arakaki and City nor in favor of Arakaki and against City.

Since the one valid "judgment" did not "adjudicate" all the claims of all the parties, it did not terminate the action as to any of the claims or parties and, absent court action under Rule 54(b), it is not final or appealable.

Our analysis and decision is not a sanctification of procedure for procedure's sake. Since Rule 73(a)'s critical thirty-day appeal period runs "from the entry of the judgment appealed from," we must be very careful when we decide what is and what is not an appealable judgment. Practitioners have enough difficulty deciding when their notices of appeal must be filed. *See Employees' Retirement System v. Big Island Realty, Inc.*, 2 Haw. App. 151, 627 P.2d 304 (1981); *Sturkie v. Han,* 2 Haw. App. 140, 627 P.2d 296 (1981). We ought not unnecessarily add to their confusion.

This case is a good example. Williams' suit against City alleges breach of warranty, misrepresentation, mistake, and negligence. All subsequent complaints, counterclaims, and cross-claims among City, Arakaki, and D&M are for indemnification. All disputes other than the Williams-CCH dispute are dependent upon the disposition of that dispute. A ruling in favor of City moots all of the other disputes but it does not "adjudicate" them. Moreover, a ruling in favor of Williams does not moot nor adjudicate any of the other disputes. If the judgment appealed from is deemed to have finally disposed of all claims between all parties, then, since only Williams appealed, the judgments in favor of Arakaki against City and in favor of D&M against Arakaki and City are unappealed and *res judicata.* That being the case, if this court decided to reverse the summary judgment and remand this case for trial, the trial would involve only Williams and City. City would not have Arakaki and D&M to look to for indemnification, and City would suffer for not having appealed judgments that were never explicitly entered against it.

Hopefully, this case will encourage trial courts and counsel to be more assiduous in satisfying the mandates of Rule 58, HRCP, and Rule 23, RCC.

Appeal dismissed for lack of appellate jurisdiction.

*Howard K. Hoddick (Hoddick, Reinwald, O'Connor & Marrack* of counsel) for plaintiff-appellant.

*Adrienne Sepaniak King,* Deputy Corporation Counsel, County of Honolulu, for defendant and third-party plaintiff-appellee.

*Michiro Iwanaga (Burke, Ashford, McPheeters, Broner & Gilardy* of counsel) for third-party defendant and fourth-party plaintiff-appellee.

*Terence J. O'Toole (Carlsmith, Carlsmith, Wichman & Case* of counsel) for fourth-party defendant-appellee.