GRAIN DEALERS MUTUAL INSURANCE COMPANY, Plaintiff-Appellee, *v.* GARY K. MANALO, Defendant-Appellant, and BISHOP INSURANCE COMPANY OF HAWAII, INC., a corporation, EMPLOYERS FIRE INSURANCE COMPANY, a corporation, NATIONAL MORTGAGE INSURANCE COMPANY, a corporation, CLARENCE NISHIKATA, JANICE NISHIKATA, HARUMI NISHIKATA, SHINICHIRO NISHIKATA, VISITORS' SERVICE OF HAWAII, a corporation, HAWAIIAN LIMOUSINE SERVICE, a corporation, COMPETITION CARS, INC., a corporation, Defendants

NO. 8052

(CIVIL NO. 59753)

SEPTEMBER 13, 1982

BURNS, C.J., HEEN AND TANAKA, JJ.

OPINION OF THE COURT BY HEEN, J.

Defendant/cross-claim defendant/appellant Gary K. Manalo (Manalo) appeals the denial of his motion for costs and attorneys' fees against plaintiff/counter-claim defendant/appellee Grain Dealers Mutual Insurance Company (Grain).

*Sua sponte*, we find that this court does not have jurisdiction. The record shows that there is no final judgment, and we must dismiss.

On November 1, 1978, Manalo was cleaning the engine of a racing boat "Taisho" at Keehi dry dock. An explosion and fire occurred, causing injuries to Manalo. At the time of the accident, Manalo was employed by several corporations, two of which were Competition Cars, Inc. (Cars) and Hawaiian Limousine Service (Limousine). He had been formerly employed at Visitors' Service of Hawaii (Visitors). These three corporations were owned and operated by the Nishikata family. The boat was not owned by any of the corporations but by the Nishikatas, and Manalo had been directed to clean the boat by Mrs. Nishikata during his work day.

Cars was insured by Grain for workmen's compensation liability. Employers Fire Insurance Company (Employers) insured Limousine and Visitors for such liability. Bishop Insurance Company of Hawaii (Bishop) was Employers' agent in Hawaii and Employers issued the policies through National Mortgage Insurance Company (National).

In February of 1979, Manalo filed against his employers a workman's compensation claim with the State of Hawaii Department of Labor and Industrial Relations and a Longshoreman's and Harbor Worker's Compensation Act[1] claim with the United States Department of Labor.

On November 21, 1979, Grain filed an action against Manalo, Bishop, Employers, National, Clarence Nishikata, Janice Nishikata, Shinichiro Nishikata, Harumi Nishikata, Visitors, Limousine, and Cars seeking a declaratory judgment that the work performed by Manalo at the time of the accident was within the scope of his duties as an employee of Limousine or Visitors and, therefore, Grain's policy did not provide coverage for his injuries. On December 11, 1979, Bishop, Employers, and National filed an answer and counter-claimed against Grain and cross-claimed against the other defendants. Manalo filed a motion to dismiss Grain's complaint on December 20, 1979. On July 1, 1980, an order granting Manalo's motion to dismiss was filed.

On July 8, 1980, Manalo filed a motion for costs and attorneys' fees. At a motion hearing on July 23, the motion was orally denied.

---

[1] 33 U.S.C. § 901, *et seq.*

Manalo filed a notice of cross-appeal on August 1, although Grain had never filed a notice of appeal.[2] On September 10, Manalo filed a motion to extend time for the filing of the record and docketing of the appeal. The order granting this request was filed on the same day. On September 26, 1979, the order denying the motion for costs and attorneys' fees was filed. Manalo filed an amended notice of appeal on October 8 from the order denying his request for cost and attorneys' fees.

Section 641-1 of the Hawaii Revised Statutes (HRS) (1976, as amended) provides for appeals in civil matters. It states in part:

> Appeals shall be allowed in civil matters from all final judgments, orders, or decrees of circuit and district courts and the land court, to the supreme court or to the intermediate appellate court, except as otherwise provided by law and subject to the authority of the intermediate appellate court to certify reassignment of a matter directly to the supreme court and subject to the authority of the supreme court to reassign a matter to itself from the intermediate appellate court.

Rule 54(b) of the Hawaii Rules of Civil Procedure (HRCP) (1972, as amended) states:

> (b) Judgment Upon Multiple Claims or Involving Multiple Parties.   When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

---

[2] At argument Grain's counsel stated a notice of appeal was served but was not filed. Manalo's counsel acknowledged receiving the notice and indicated that is why he filed his notice of cross-appeal.

The record is clear that only Grain's claim against Manalo has been disposed of. Grain's claims against Bishop, Employers, National, the Nishikatas, Visitors, Cars, and Limousine are still unresolved as are Bishop's, Employers', and National's counterclaims and cross-claims against the remaining parties. There is no showing of compliance with HRCP, Rule 54(b) and the matter appealed from is not a final judgment as required by HRS § 641-1.

Where an order or judgment of the trial court has not finally resolved all claims as to all parties involved, it is not a final judgment for purposes of appeal unless there is, under Rule 54(b), an express determination that there is no just reason for delay and an express direction for entry. *Chang v. City and County of Honolulu,* 51 Haw. 137, 453 P.2d 753 (1969); *Mohl v. Bishop Trust Co., Ltd.,* 2 Haw. App. 296, 630 P.2d 1084 (1981). Where the action involves multiple claims, including cross-claims and counterclaims, the failure to resolve all claims as to all parties prevent final judgment from being entered and precludes appellate review, absent Rule 54(b) compliance as shown on the record. *M. F. Williams, Inc. v. City and County of Honolulu,* 3 Haw. App. 319, 650 P.2d 599 (1982), *Park v. Esperanza,* 2 Haw. App. 232, 629 P.2d 644 (1981).

The appeal from the denial of the motion for costs and attorneys' fees is premature and the appeal is hereby dismissed for lack of appellate jurisdiction.

*Christopher P. McKenzie (McKenzie, Trecker & Fritz* of counsel) for defendant-appellant.

*Robert L. Hines* for plaintiff-appellee.