ELAINE JACOBER and STEPHEN JACOBER, individually and on behalf of THERESA JACOBER and JEREMY JACOBER; LAURIE HIGA and WALTER HIGA, individually and on behalf of BRANDY HIGA and SUMMER HIGA; and on behalf of all others similarly situated, Plaintiffs-Appellees, Cross-Appellants, *v.* FRANKLIN SUNN, Interim Director of the Department of Social Services and Housing, State of Hawaii, and ROBERT W. MILLAR, Medical Care Administrator, State of Hawaii, Defendants-Appellants, Cross-Appellees

(CIVIL NO. 6514)

AND

THERESA JACOBER and JEREMY JACOBER, by their next friend, ELAINE JACOBER, and on behalf of all others similarly situated, Plaintiffs-Appellees, Cross-Appellants, *v.* FRANKLIN SUNN, Interim Director of the Department of Social Services and Housing, State of Hawaii, Defendant-Appellant, Cross-Appellee

(CIVIL NO. 6673)

NO. 8851

JANUARY 10, 1984

BURNS, C.J., HEEN AND TANAKA, JJ.

## OPINION OF THE COURT BY BURNS, C.J.

Defendants Franklin Sunn (Sunn), Interim Director of the State Department of Social Services and Housing (DSSH), and Robert W. Millar (Millar), State Medical Care Administrator (collectively defendants), appeal from a judgment rendered in the consolidated class actions of Civil Nos. 6514 and 6673 in the Third Circuit Court. In effect, the judgment decreed that DSSH could not disqualify adults and their children from medical and financial general assistance benefits because of the failure of an adult member of the assistance household to comply with the work requirements imposed by Hawaii Public Welfare Manual (HPWM) § 3113.08(a). Plaintiffs cross-appeal from the denial of certain of their claims. *Sua sponte*, we dismiss the appeals for lack of appellate jurisdiction.

On September 15, 1980, Mr. and Mrs. Stephen Jacober (Jacobers) and Mr. and Mrs. Walter Higa (Higas), individually and on behalf of their respective minor children, filed a class action in Civil No. 6514 against Sunn and Millar. The amended complaint alleged that (1) on June 27, 1980, Mrs. Jacober applied for medical and financial benefits under the general assistance program for herself, her husband and minor children; (2) on August 12, 1980, DSSH denied her application; (3) upon her request she was given a fair hearing under Hawaii Revised Statutes (HRS) § 346-12 (1976) on September 5, 1980; and (4) at the hearing it was indicated that pursuant to HPWM § 3313[1] she and her family did not qualify for

---

[1] The pertinent portions of Hawaii Public Welfare Manual § 3113 are §§ 3113.08(a) and 3113.08(b)(1)(A) which provided in 1980 as follows:

*Disqualification and Exclusion from GA Program for Failure to Comply with Program Requirements*

    (a) Recipients who refuse or fail to comply with any of the requirements or conditions of the GA program shall be disqualified and excluded from receiving GA benefits. The failure of one member of the recipient assistance unit to comply with the requirements or conditions shall exclude the entire assistance unit from the GA program.

    *Exceptions:*   The failure of a dependent child between the ages of 16 and 18, not attending school, or between the ages of 18 and 21, attending school or enrolled in a training program and employed less than 30 hours, to satisfy the requirements set forth in sub-section 3113.07 or to maintain employment, respectively, will not disqualify or exclude the entire assistance unit from the

assistance because Mr. Jacober had left his last job without good cause. The record indicates that the hearing officer denied her claim on November 19, 1980, after the filing of the complaint.

The amended complaint also alleged that (1) the Higas applied for medical assistance for their family; (2) the application was denied on the ground that Mrs. Higa had terminated her last employment without cause in violation of HPWM § 3113; (3) upon their request a fair hearing was held on July 7, 1980; and (4) on July 31, 1980, the hearing officer denied their application.

Finally, the amended complaint alleged that DSSH's enforcement of HPWM § 3113 violated other HPWM sections, Hawaii statutes, federal law, and the due process clause of article I, section 4 of the Hawaii Constitution. It prayed for certification of the cause as a class action and for declaratory, injunctive, and monetary relief.

On December 19, 1980, the Jacobers' minor children commenced a class action in Civil No. 6673 against Sunn, which differs from Civil No. 6514 in that it only concerns general assistance benefits for needy minor children under age 18, or 21 if regularly attending school, and persons with dependent children who meet the general assistance requirements. They alleged violations of state and federal statutes and the fourteenth amendment of the United States Constitution. As in Civil No. 6514, the complaint prayed for certification of the cause as a class action and for declaratory, injunctive, and monetary relief.

In both Civil Nos. 6514 and 6673, the lower court ordered that the actions proceed as class actions and defined and determined the subclasses as follows:

*Subclass A:* All residents of the State of Hawaii and members of their assistance households who have been denied State General Assistance money payments by the DSSH due to the failure of a parent or persons with legal responsibility for support to comply with work requirements imposed by H.P.W.M. § 3113.

---

GA program; only the non-complying dependent child will be disqualified and excluded from the GA program.

   (b) *Disqualification/Exclusion Periods*

      (1) Non-compliance with the following requirements will result in disqualification and exclusion from the GA program for twelve months;

        (A) Quitting a job without good cause.

*Subclass B:* All residents of the State of Hawaii who are minors, or who are under age 21 and regularly attending school, who have been denied State General Assistance money payments by the DSSH due to failure of a parent or person with legal responsibility for support to comply with work requirements imposed by H.P.W.M. § 3113.

On December 3, 1981, the cases were consolidated.

After a hearing on plaintiffs' motion for summary judgment and defendants' cross-motion for summary judgment, the lower court, on February 3, 1983, entered its order holding, *inter alia* that (1) HRS § 346-55 (1976) does not entitle plaintiffs or class members to either medical or financial assistance benefits and (2) HRS § 346-71 (1976 & 1979 Supp.) does not authorize DSSH to disqualify adults and their children from medical and financial assistance benefits based on the conduct of another adult in the household, thereby partially invalidating HPWM.§ 3313.08.[2]

On August 25, 1983, the lower court entered its final judgment and decree *nunc pro tunc* made effective April 14, 1982,[3] which

---

[2] Act 99, § 1(1) 1982 Haw. Sess. Laws 139, 139-40, effective May 19, 1982, amended HRS § 346-71(a) to validate that portion of HPWM 3313.08 which the lower court invalidated. In relevant part HRS § 346-71(a) now provides: "The failure of any adult member of the assistance unit to comply with the requirements or conditions of general assistance shall exclude the entire assistance unit from receiving financial assistance. However, when the adult member is disqualified for not meeting the work requirement, the assistance unit shall not be disqualified if the assistance unit was formed after the failure to meet the work requirement occurred. 'Assistance unit' as the term is used herein means persons whose needs, income, and assets are considered in the financial assistance payment and their dependents." Act 196, §§ 2 and 3, 1983 Haw. Sess. Laws 398, 399-401, effective June 9, 1983, repealed HRS §§ 346-53(a) and 55. However, the cases at bar concern the period between December 1978 and April 14, 1982 and are not affected by Acts 99 and 196.

[3] On April 14, 1982, the lower court granted plaintiffs' motion to alter or amend the February 3, 1982 order to correct several technical errors and discrepancies and denied defendants' motion to alter or amend the February 3, 1982 order. Thereafter, on May 10, 1982, defendants filed their notice of appeal and on May 24, 1982, plaintiffs cross-appealed. Realizing that the February 3, 1982 order lacked the grant-of-judgment language required by *M. F. Williams, Inc. v. City & County*, 3 Haw. App. 319, 650 P.2d 599 (1982), on August 1, 1982, plaintiffs obtained from the supreme court an order temporarily remanding the case to the Third Circuit Court for the limited purpose of enabling the court to consider a motion for the entry of judgment *nunc pro tunc*. On August 25, 1983, the Third Circuit Court granted plaintiffs' motion and entered the final judgment and decree *nunc pro tunc*.

ordered and decreed that:

1. All Hawaii residents, including unborn children[,] who are under the age of 21 who are financially eligible are entitled to receive medical assistance pursuant to the Hawaii State Plan for Medical Assistance under Title XIX of the Social Security Act.[4]

2. Defendants shall not disqualify adults and their children from medical and/or financial General Assistance benefits based on the failure of another adult in the assistance household to comply with the work requirements of H.R.S. Section 346-71.

3. The procedure section of H.P.W.M. § 3404 is invalid as it was not properly promulgated.

4. All other claims of Plaintiffs are denied.

5. Plaintiffs and eligible members of the class shall recover from Defendants retroactive benefits for medical expenses and financial benefits which should have been paid by Defendants but for the wrongful denial of the above described assistance. Reimbursement for all payments of financial benefits and medical expenses is to begin from December 1978 to date of Order.

6. Within twenty (20) days after entry of the April 14, 1982 Order, Defendants shall in cooperat[i]on with attorneys for Plaintiffs, develop a written plan and timetable for advising eligible class members of benefits available under the terms of this judgment as well as the procedure for filing for and receiving such benefits.

7. The Court will retain jurisdiction over the case until compliance is fully implemented.

8. Plaintiffs are awarded costs of $379.21 from Defendants based on actual disbursements made in connection with this case.

9. Defendants' Motion for a Stay Pending Appeal is granted. (Footnote added.)

Defendants appealed and plaintiffs cross-appealed.

---

[4] Defendants had previously conceded that pursuant to Hawaii's plan under Title XIX of the Social Security Act Medical Assistance Program, 42 U.S.C.A. § 1396(a), persons under 21 years of age are eligible for medical assistance notwithstanding the failure of another person in the assistance household to comply with work requirements.

## I.

Generally, if declaratory and injunctive relief is sought, class actions are processed under Rule 23(b)(2), Hawaii Rules of Civil Procedure (HRCP) (1981). If monetary relief is sought, they are processed under Rule 23(b)(1) or (3), HRCP. Here all three types of relief were sought and the case was processed under Rule 23(b)(2). This is permissible. 7A WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE: *Civil* §§ 1775, 1790 (1972).

The dispositive question, which we raise *sua sponte,* is whether plaintiffs have appealed from the "final judgment" referred to in HRS § 641-1, HRS (1979).[5] Do we have appellate jurisdiction? Our answer is no.

When it partially invalidated HPWM § 3313.08, the lower court thereby decided the liability question. It could have stopped its involvement in the case at that point and left plaintiffs to pursue their monetary claims administratively. 7A WRIGHT & MILLER, *supra.* However, it elected to retain jurisdiction to supervise the development and implementation of "a written plan and timetable for advising eligible class members of benefits available . . . as well as the procedure for filing for and receiving such benefits." In effect, the lower court retained jurisdiction to decide and award monetary relief. Until that decision is made, the lower court's decision and order is interlocutory and not appealable absent permission[6] under HRS § 641-1(b) or Rule 54(b), HRCP, as applicable.[7] *In re Henry,* 2 Haw. App. 529, 634 P.2d 615 (1981). No such permission was requested or given in this case.

## II.

When the lower court again deals with this case, it should also determine whether the Jacobers, the Higas, and their children are

---

[5] The lower court's labeling of its judgment as a "final judgment" is not controlling.

[6] The discretion of the lower court to authorize interlocutory appeals is limited. *Lui v. City & County,* 63 Haw. 668, 634 P.2d 595 (1981).

[7] *Mohl v. Bishop Trust Co., Ltd.,* 2 Haw. App. 296, 630 P.2d 1084 (1981), explains when Rule 54(b), HRCP, is applicable.

entitled to seek a monetary judgment for all of the benefits denied them. Civil No. 6514 was filed after the hearing officer denied the Higas' application, and Civil No. 6673 was filed after the hearing officer denied Mrs. Jacober's application. Consequently, at least part of what the Higas and Jacobers are seeking to obtain in these actions includes what the hearing officers previously denied them. To that extent they are using their right under HRS § 91-7 to seek a declaratory judgment on the validity of HPWM § 3113 as a substitute for an appeal under HRS § 91-14 of the hearing officers' decisions. Query whether *Punohu v. Sunn I*, 66 Haw. ____, 666 P.2d 1133 (1983), allows them to do that.

The appeals are dismissed for lack of appellate jurisdiction.

*Stephen K. Chang*, Deputy Attorney General, for defendants-appellants, cross-appellees.

*Ben H. Gaddis (Brenton Rogozen* with him on the briefs) for plaintiffs-appellees, cross-appellants.