Roland Nicholas STINE and Patricia
Waldrop Stine, Appellants,

v.

George Mitsura KOGA, Appellee.

No. 09–89–042 CV.

Court of Appeals of Texas,
Beaumont.

May 24, 1990.
Rehearing Denied June 11, 1990.

Charles S. Wuest, Chamberlain, Hrdlicka, White & Johnson, Houston, for appellants.

Charles C. Clymer, Wesner, Coke, Boyd & Clymer, Dallas, for appellee.

## OPINION

BURGESS, Justice.

Roland Nicholas Stine and Patricia Waldrop Stine ("the Stines") appeal from an order denying their motion to stay enforcement of a foreign judgment.

In September 1985, George Mitsuru Koga ("Koga") filed a "Complaint" against the Stines in the circuit court of Hawaii, alleging default under the terms of an agreement of sale of a condominium. Koga sought judicial foreclosure of the property and a deficiency judgment. In January 1986 the Stines filed a counterclaim asserting a cause of action against Koga under the Hawaii Uniform Deceptive Trade Practice—Consumer Protection Act ("DTPA"). In February 1986 Koga filed a motion for summary judgment "for the relief demanded in the Complaint". In September 1986 the trial court signed an order containing findings of fact and conclusions of law, granting the motion for summary judgment, entering an interlocutory decree of foreclosure and order of sale on the condominium. The court-appointed commissioner sold the condominium to Koga and applied the sale proceeds to the expenses of sale and the indebtedness. Koga obtained a $258,122.09 deficiency judgment against the Stines in February 1987.

Koga then sought to domesticate the deficiency judgment in this state pursuant to the Uniform Enforcement of Foreign Judgments Act, TEX.CIV.PRAC. & REM.CODE ANN. sec. 35.001 et seq. (Vernon 1986). The Stines' motion to stay enforcement of the judgment argued it was interlocutory because it did not dispose of their pending counterclaim. Both parties filed briefs presenting Hawaiian case law. The trial court denied the motion on December 5, 1988. The Stines' sole point of error urges error in the court below because the foreign judgment was not a final judgment and therefore not entitled to recognition in this state.

Koga urges the Stines failed to present sufficient record because they did not present a statement of facts. The party seeking review has the burden of presenting sufficient record to show error requiring reversal. TEX.R.APP.PRO. 50(d). Without a statement of facts, appellate courts are limited generally to complaints involving (1) errors of law; (2) erroneous pleadings or rulings thereon; (3) an erroneous charge; (4) irreconcilable conflict in jury findings; (5) summary judgments; and (6) fundamental error. *Collins v. Williamson Printing Corp.*, 746 S.W.2d 489 (Tex.App.—Dallas 1988, no writ). The parties presented affidavits with the pertinent pleadings, orders, and judgments from the Hawaii suit in summary judgment form. They also presented briefs of Hawaii and Texas law. The docket sheet states "11–9–88 Deft's M T Stay Judgment taken under advisement after hearing oral arg. & briefs submitted." The parties and the court treated the proceeding as if it were a motion for summary judgment, although it was not. The facts were not in dispute, only the legal effect of the facts was then or is now in dispute. The rule requiring filing the statement of facts applies to issues which require reference to the evidence and not to matters which are strictly questions of law. *Segrest v. Segrest*, 649 S.W.2d 610 (Tex.1983). Thus, it is appropriate for this court to address the point of error.

■ TEX.CIV.PRAC. & REM.CODE ANN. secs. 35.001 through 35.008 (Vernon 1986) provides for domestication of a judgment, decree, or order of a court of the United States or of any other court that is entitled to full faith and credit in this state. To be entitled to full faith and credit it must be a final, valid, subsisting judgment in the state of rendition, and it must be conclusive of the merits of the case. *Roberts v. Hodges,* 401 S.W.2d 332 (Tex.Civ. App.—Amarillo 1966, writ ref'd n.r.e.). This rule is not peculiar to Texas. RE-STATEMENT (SECOND) OF CONFLICT OF LAWS sec. 107 (1971) states: "A judgment will not be recognized or enforced in other states insofar as it is not a final determination under the local law of the state of rendition."

■ A court upon its own motion may, or upon the motion of a party shall, take judicial notice of the statutes, rules, and court decisions of other states. TEX.R. CIV.P. 184. The court's determination shall be subject to review as a ruling on a question of law. *Id.* In the absence of pleading and proof of the law of a sister state, it is presumed that the law of the state where the judgment was rendered is identical to the law of Texas. *See Gevinson v. Manhattan Construction Co. of Okl.,* 449 S.W.2d 458 (Tex.1969).

Koga relies upon case law involving Hawaiian interlocutory appeal procedure. An interlocutory decree of foreclosure is final for the purposes of appeal although the court retains jurisdiction to confirm the sale and grant deficiency judgment. *Independence Mortgage Trust v. Dolphin, Inc.,* 57 Haw. 554, 560 P.2d 488 (1977). Pending matters which are merely incidental to the foreclosure decree do not prevent a foreclosure decree from becoming final for purposes of appeal. *Sturkie v. Han,* 2 Haw. App. 140, 627 P.2d 296 (1981). However, as the Stines note in their briefs, undetermined counterclaims are not merely incidental to the enforcement of a foreclosure judgment. *International Sav. and Loan Ass'n v. Woods,* 69 Haw. 11, 731 P.2d 151 (1987). A trial court may, in its discretion, certify a judgment on a claim in a multiple-party multiple claim case as a final judgment despite the existence of outstanding claims by express determination that there is no just reason for delay and upon an express direction for the entry of judgment. *Woods, supra* 731 P.2d at 153; HRCP Rule 54(b). There is no certification and/or express determination and direction in the Hawaiian judgment. Koga argues that the counterclaim was disposed of by the following finding of fact contained in the interlocutory order of foreclosure:

4. The Agreement of Sale between Plaintiff and Defendants Stine was and is valid and enforceable according to its terms, without setoff, claims or other affirmative defenses.

■ The foreclosure judgment was a summary judgment which was never tried on the merits. Neither party cited the trial court or this court to appropriate Hawaiian summary judgment law on the existence or nonexistence of a presumption of finality of summary judgments. We will assume the law of Hawaii concerning this issue is identical to the law of this state. The general presumption that the trial court intended to, and did dispose of all parties and all issues raised by the pleadings does not apply to (1) inherently interlocutory orders such as a partial summary judgment; (2) dispositions of cases which do not adjudicate the issues before the parties, such as nonsuits and abatements; (3) cases not set for conventional trial on the merits; for example, the presumption does not apply to summary judgments; (4) to judgments that affirmatively reserve some ultimate issues or decisions for future adjudication. *Zellers v. Barthel,* 727 S.W.2d 364 (Tex.App.— Fort Worth 1987, no writ). The motion for summary judgment asks for summary judgment "on the Complaint" and does not request adjudication of or in any other manner mention the counterclaim. The success of a claim for damages under the DTPA is not precluded by a determination of liability on the principal indebtedness. When a summary judgment does not mention or refer to all of the issues in the counterclaim those issues remain unadjudicated. *Chase Manhattan Bank v. Lindsay,* 787 S.W.2d 51 (Tex.1990).

The counterclaim was not addressed in the motion for summary judgment and therefore, presumably, was not disposed of by the summary judgment. We can only conclude it is still pending in the circuit court of Hawaii. Where the action involves multiple claims, including cross-claims and counterclaims, the failure to resolve all claims as to all parties prevents a final judgment from being entered. *M.F. Williams v. City and County of Honolulu,* 3 Haw.App. 319, 650 P.2d 599 (1982); *See also Park v. Esperanza,* 2 Haw.App. 232, 629 P.2d 644 (1981); *Grain Dealers Mut. Ins. Co. v. Manalo,* 3 Haw.App. 346, 650 P.2d 610 (1982); *compare California Fed. Sav. and Loan Ass'n v. Bell,* 6 Haw. App. 597, 735 P.2d 499 (1987).

The foreign judgment is not final. It is not entitled to full faith and credit and is not enforceable under the Uniform Enforcement of Foreign Judgments Act as a matter of law. The district court erred in denying the motion to stay enforcement of the judgment until it is final. The point of error is sustained and the judgment of the trial court reversed.

REVERSED AND RENDERED.