Katie Marie BARNETT, Appellant,

v.

Arlie Wayland BARNETT, Jr., Appellee.

No. 13925.

Court of Civil Appeals of Texas

Houston.

April 5, 1962.

Rehearing Denied May 17, 1962.

Shead, Dearman & Wiswell, William C. Shead, Houston, for appellant.

Solito, Vetrano & Murr, Peter S. Solito, Houston, for appellee.

WERLEIN, Justice.

Appellant sued her husband for divorce on the ground of cruel treatment. Appellee, in his amended petition, denied appellant's allegations of cruel treatment and pleaded recrimination, condonation and adultery on the part of appellant. The case was tried without a jury. At the conclusion of appellant's evidence, the trial court on motion of appellee denied the divorce and entered judgment for appellee.

Appellant asserts that she made out a prima facie case for divorce and that the court erred in entering judgment for appellee because the judgment is contrary to the undisputed evidence and unauthorized as a matter of law.

Since the record contains no findings of fact or conclusions of law by the trial court, the trial court's judgment implies all necessary fact findings in support thereof. In seeking to determine whether there is any evidence to support the judgment and the court's implied fact findings, "it is proper to consider only that evidence most favorable to the issue and to disregard entirely that which is opposed to it or contradictory in its nature." Renfro Drug Co. v. Lewis, 1950, 149 Tex. 507, 235 S.W.2d 609, 23 A.L.R.2d 1114.

We think it would serve no useful purpose to set out testimony of appellant as to cruelty on the part of appellee or her own acts of cruelty admitted by her on cross-examination. It will suffice to say that we have carefully read the statement of facts and are of the opinion that appellant testified to alleged acts of cruelty on the part of appellee which would support a judgment for divorce in her favor had the court entered such judgment. She also testified to conduct on her part which would amply support a finding by the court of cruelty and recrimination.

Appellant, when asked if she had had illicit relations with certain men, refused to answer on the ground that it might incriminate her. The court did not require her to testify in those instances, and it will be presumed that the court did not consider such refusal to testify as evidence of guilt or wrongdoing. Article 4633, Vernon's Annotated Texas Statutes. There was other sufficient and competent evidence to sustain the judgment and it will be presumed that the court based its judgment thereon. 24 Tex.Jur.2d § 553, p. 48.

Judgment affirmed.