**BOARD OF FIREMEN'S RELIEF AND RE-TIREMENT FUND TRUSTEES OF HAR-RIS COUNTY, Texas, Appellant,**

v.

**Huey STEVENS, Appellee.**

No. 14203.

Court of Civil Appeals of Texas.

Houston.

Nov. 7, 1963.

R. H. Burks, City Atty., G. Gordon Whitman, Sr., Asst. City Atty., Houston, for appellant.

Lee Ducoff, Houston, for appellee.

WERLEIN, Justice.

This is an appeal from a judgment of the trial court entered after an informal hearing by the court of the pleadings, and the unsworn oral statements of counsel of both appellant and appellee which do not appear in the record. Although appellee pleaded in the alternative that the court award him a disability retirement pension under the "Firemen's Relief and Pension Laws of the State of Texas," this is essentially a mandamus proceeding brought by appellee against said Board of Trustees praying that they be required forthwith to grant appellee a formal hearing before them to determine the question of his disability and the extent thereof, and to present evidence to substantiate his claim.

■ Although this Court does not judicially know that there is no board by the name of "Board of Firemen's Relief and Retirement Fund Trustees of Harris County, Texas," we do take judicial notice that there is no such board authorized or provided for under Article 6243e, Vernon's Annotated Texas Statutes, which created the Firemen's Relief and Retirement Fund and provides for a "Board of Firemen's Relief and Retirement Fund Trustees of ————, Texas." It is clearly indicated in said Article that the name of the respective city or town where the Board is located should be inserted in the blank space immediately preceding the word "Texas." This suit was defended by the City Attorney of Houston, who raises no issue with respect to the name of the Board, although the proper name of the Board which appellee presumably intended to sue appears nowhere in the record. An amended petition with proper citation or waiver thereof should correct this error upon a new trial.

The appeal is before us without a statement of facts or any separate findings of fact or conclusions of law although the trial court, after entry of judgment, was duly requested to make such findings and conclusions as provided by Rules 296 and 297, Texas Rules of Civil Procedure.

■ The law is well settled that the action of the court in refusing to make findings of fact and conclusions of law constitutes reversible error because harm will be presumed unless the contrary appears. Wagner v. Riske, 142 Tex. 337, 178 S.W.2d 117; Callaghan v. Grenet's Estate, 66 Tex. 236, 18 S.W. 507; Galveston, H. & S. A. R. Co. v. Stewart & Threadgill, Tex.Com. App., 257 S.W. 526; Richie v. State, Tex. Civ.App.1955, 275 S.W.2d 723. Since the appellate court must presume that the trial court correctly found all fact issues having support in the evidence in favor of the judgment rendered if no findings of fact have been requested or filed, it is ordinarily important to an appellant that the court make its findings and conclusions and especially so where there is no statement of facts. Bostwick v. Bucklin, Tex.Civ.App., 190 S.W.2d 814, aff'd S.Ct., 144 Tex. 375, 190 S.W.2d 818; Barnett v. Barnett, Tex. Civ.App., 356 S.W.2d 853; Petersen v. Robinson Oil & Gas Co., Tex.Civ.App., 356 S.W.2d 217; McDonald, Texas Civil Practice, Vol. 4, p. 1301, § 16.10, and authorities cited. In Duncan v. Willis, 1957, 157 Tex. 316, 302 S.W.2d 627, our Supreme Court said: "One of the advantages accruing to an appellant through a request for express findings and conclusions is the avoidance of findings that would otherwise be implied to support the judgment. Rule 296, Texas Rules of Civil Procedure, * * *."

■ Appellant asserts that the trial court erred in entering its judgment and order of mandamus for the reason there was neither pleading nor prayer seeking the relief awarded, and also because the court's judgment requires appellant to perform an act beyond its jurisdiction and lawful authority. These assignments must be sustained.

Appellee, in his prayer, sought a writ of mandamus commanding appellant to grant him a hearing to determine the question of his disability and the amount thereof, or, in the alternative, to award him a pension. There was no prayer for general relief. The court, however, entered its judgment decreeing that appellant should grant a hearing solely to determine the question of appellee's status as a person possessing the qualifications required for a pension under Article 6243e, V.A.T.S., and to hear any and all facts and evidence relative thereto.

■ It is well settled that the court may not grant relief not supported by pleadings or prayer. Starr v. Ferguson, 140 Tex. 80, 166 S.W.2d 130; Radcliff v. Clemons, Tex.Civ.App., 265 S.W.2d 182, writ ref., n. r. e.; American General Insurance Co. v. Sessions, Tex.Civ.App., 331 S.W.2d 812.

Appellee's alleged claim and right to a disability pension arises under Sec. 7B of Article 6243e, V.A.T.S. His petition shows that he recognizes that a proper application for retirement disability was not timely filed. He attempts, however, to allege facts which, if proven, might entitle him to an adjudication that the late filing of his application was not due to his own fault but to misrepresentations made by certain officers, agents and employees of appellant. Both appellant and appellee recognize in their respective briefs that appellee had ceased to be a de facto fireman prior to the time he filed a correct and proper application for a retirement disability pension. Appellee in effect contends, however, that he was at least a de jure fireman and entitled to a disability pension because his filing of his application in the first instance on the wrong forms and his late filing thereafter were due to fraud and misrepresentations on the part of appellant.

It is our view that the question as to whether or not appellee's late filing of his application for a disability pension was due to fraud and misrepresentations of appellant is a judicial question and one which cannot be determined by the Board of Trustees, but must be determined by the court. The trial court did not hear evidence concerning such matter or make any decision with respect thereto, but instead entered its judgment without any trial of such issues and directed the Board of Trustees to proceed with a formal hearing to determine the question of appellee's status as a person possessing the qualifications required for a pension under Article 6243e, V.A.T.S.

■ The appellant Board was created by said Article and can exercise only the powers which the Legislature has conferred upon it. It has the power and authority to hear and determine all applications for retirement, claims for disability, either partial or total, and to determine whether the applicant has become physically or mentally disabled while in, or in consequence of, the performance of his duties as a fireman. Board of Firemen's Relief & Retirement Fund Trustees of Houston v. Marks, 1951, 150 Tex. 433, 242 S.W.2d 181, 27 A.L.R.2d 965. It has no judicial power to hear and determine whether appellee has been unlawfully deprived by appellant of the legal right to make an application for retirement disability, or whether his status at the time he filed his application should be considered that of an active fireman because of fraud and misrepresentations on the part of appellant which kept him from timely applying for a disability pension. These are issues which should have been determined by the court before granting a writ of mandamus. It was the function of the court to determine whether appellee had pleaded and proved facts establishing his status as a person possessing the qualifications required for applying for and prosecuting his claim for a disability pension, and whether appellee was entitled to the writ of mandamus sought by him under his pleadings and evidence.

Reversed and remanded.