

# The Attorney General of Texas

April 16, 1980

MARK WHITE
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

723 Main, Suite 610
Houston, TX. 77002
713/228-0701

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4313 N. Tenth, Suite F
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Gibson D. (Gib) Lewis
Committee on Intergovernmental
  Affairs
House of Representatives
Austin, Texas 78769

Opinion No. MW-174

Re: Whether a Board of Firemen's Relief and Retirement Fund Trustees is covered by the Open Meetings Act.

Dear Representative Lewis:

You have asked our opinion on two questions relating to the application of the Texas Open Meetings Act, article 6252-17, V.T.C.S., to boards of Firemen's Relief and Retirement Fund Trustees. Your first question is:

> Does the Board of Firemen's Relief and Retirement Fund Trustees as set forth by Article 6243e, V.T.C.S., constitute a 'governmental body' as defined by Article 6252-17, V.T.C.S., 'The Open Meetings Act.'

The Texas Open Meetings Act applies to "governmental bodies" as defined by that act. Section 1(c) defines "governmental body" to include ". . . every deliberative body having rule-making or quasi-judicial power and classified as a department, agency, or political subdivision of a county or city." Boards of Firemen's Relief and Retirement Fund Trustees are established in sections 3 and 3B of article 6243e, V.T.C.S. They are composed of city officials and elected members of the fire department. In some instances resident citizens of the city are selected to serve as well. The boards' basic duty is to administer the retirement program established under article 6243e, V.T.C.S.

We believe that it is clear that these boards are departments or agencies of the city and have rule-making and quasi-judicial power. Compare V.T.C.S. article 6243e, section 9 and Board of Firemen's Relief and Retirement Fund Trustees of Harris County v. Stevens, 372 S.W.2d 572 (Tex. Civ. App. — Houston 1963, no writ) (quasi-judicial authority) with Attorney General Opinion H-467 (1974) (definition of rule-making and quasi-judicial authority).

Accordingly, we believe Boards of Firemen's Relief and Retirement Fund Trustees are governmental bodies covered by the Texas Open Meetings Act.

Your second question is:

Are instances detailed by statute or opinion whereby a Board of Firemen's Relief and Retirement Fund Trustees can enter 'executive session,' and exclude the public.

Section 2 of the Open Meetings Act details instances in which an executive session is permissible. Whether any particular meeting is properly closed under one of these exceptions set out in section 2 will depend on the facts of the specific situation.

## SUMMARY

Boards of Firemen's Relief and Retirement Fund Trustees are governmental bodies covered by the Texas Open Meetings Act.

Very truly yours,

MARK WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

TED L. HARTLEY
Executive Assistant Attorney General

Prepared by C. Robert Heath
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

C. Robert Heath, Chairman
Jim Allison
Susan Garrison
Rick Gilpin
Bruce Youngblood