**TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellant,**

v.

**James Patrick STEELE, Appellee.**

No. 09–01–035 CV.

Court of Appeals of Texas, Beaumont.

Submitted Sept. 10, 2001.

Decided Sept. 27, 2001.

Philip L. Cline, Texas Dept. of Public Safety, Austin, for appellant.

James Patrick Steele, Kirbyville, for appellee.

Before WALKER, C.J., BURGESS and GAULTNEY, JJ.

## OPINION

WALKER, Chief Justice.

The Texas Department of Public Safety ("DPS") appeals an order of expunction granted to James Patrick Steele. DPS filed an answer, but failed to appear at the hearing, which was not recorded. No other law enforcement agency answered or appeared. DPS filed a motion for new trial that was overruled by operation of law. DPS timely requested findings of fact and conclusions of law, and duly reminded the trial court, but no findings of fact and conclusions of law were filed. On appeal, the issue presented for review states, "Whether it is an abuse of discretion for a court to grant a petition for expunction when it was apparent from the record that the petitioner made a judicial admission in the petition for expunction that a plea of nolo contendre (sic) to a class B misdemeanor was made by the petitioner on the criminal charge that the petition was seeking to expunge." The appellee did not file a brief.

An agency's appeal of an expunction order proceeds in the same manner as in other civil cases. TEX.CRIM. PROC.CODE ANN. art. 55.02 § 3(a) (Vernon Supp.2001). Although the motion for new trial identified a meritorious defense to the petition for expunction, DPS did not allege that its failure to file an answer or appear was not intentional or the result of conscious indifference. *See Craddock v. Sunshine Bus Lines*, 134 Tex. 388, 133 S.W.2d 124, 126 (1939). A post-answer default constitutes neither an abandonment of the defendant's answer nor an implied confession of the issues placed in controversy by the general denial. *Stoner v. Thompson*, 578 S.W.2d 679, 682 (Tex.1979). Judgment cannot be entered on the pleadings, but the plaintiff must produce evidence proving his case. *Id.*

Our review of this appeal is complicated by the fact that, although the order recited that evidence was taken, the hearing was not recorded. The appellant challenges the legal basis for the judgment, where findings of fact and conclusions of law were duly requested but were not filed, and where no reporter's record was made of the trial. A similar situation faced the court in *Board of Firemen's Relief and Retirement Fund Trustees of Harris County v. Stevens*, 372 S.W.2d 572, 573 (Tex.Civ.App.—Houston 1963, no writ). The appellate court reversed the judgment because the trial court had granted relief not supported by the pleadings and prayer. *Id.* at 574. Here, no error is assigned to the trial court's failure to enter findings of fact and conclusions of law. Since we have no reporter's record by which to review the sufficiency of the evidence, and no findings of fact presumably proven in the unreviewable trial, we turn to Steele's petition to determine whether he pleaded facts that if proven at

trial would entitle him to an expunction order. DPS argues it is entitled to a rendition because judicially admitted facts in Steele's petition preclude the relief he obtained.

■■■ "Before it is held that the allegations in a trial pleading constitute judicial admissions, it must appear that such allegations are deliberate, clear and unequivocal." *Carter v. Walton*, 469 S.W.2d 462, 469 (Tex.Civ.App.—Corpus Christi 1971, writ ref'd n.r.e.). DPS argues that Steele judicially admitted to having a final conviction. Actually, Steele admitted to pleading nolo contendere to a class B misdemeanor, but he also alleged that he was never convicted. The petition does not say what action the trial court took on the plea. Likely though it may be, a final conviction does not necessarily result from a nolo contendere plea. The factual recitals in Steele's petition are vague and contradictory enough that we cannot say that he judicially admitted to having a final conviction on the charge he sought to expunge.

■■■ Although we disagree that by alleging that he pleaded nolo contendere Steele judicially admitted to having a final conviction, we must agree that the allegations contained in the petition do not demonstrate Steele's entitlement to an expunction order. Because expunction is a privilege granted by statute, all of the statutory provisions are mandatory and exclusive, and must be complied with in order to sustain the action. *Ex Parte Myers*, 24 S.W.3d 477, 480 (Tex.App.—Texarkana 2000, no pet.). Steele did not allege that he had been either acquitted or pardoned. In order to be entitled to an expunction order, Steele had to satisfy the three conditions of Article 55.01(a)(2).

TEX.CRIM. PROC.CODE ANN. art. 55.01(a)(2)(Vernon Supp.2001) [1].

The first condition may be met if no indictment or information is presented. Steele alleged that he was charged, so that provision is inapplicable. The first condition may also be met if the indictment or information has been "dismissed because [its] presentment had been made because of mistake, false information, or other similar reason indicating absence of probable cause at the time of the dismissal to believe the person committed the offense or because it was void." *Id.* Steele alleged that he "was never convicted," but his pleadings are silent regarding whether the information was dismissed or whether it is still pending. Even if we attribute implied findings of fact to the factual allegations in Steele's petition, there is no allegation from which we could imply a finding that meets the first condition of Article 55.01(a)(2).

Steele's pleadings only partially satisfy the second condition, that the petitioner has been released and the charge has not resulted in a final conviction and is no longer pending and there was no court ordered community supervision. The specific facts alleged in Steele's petition, were we to assume that they were proven at trial, could exist under circumstances where Steele admitted his guilt and completed community supervision. Steele alleged that he has been released and that there is no court ordered probation, but he also alleged that he pleaded nolo contendere without stating that there had been no probation in the past. *See Texas Dep't of Pub. Safety v. Moran*, 949 S.W.2d 523, 526–27 (Tex.App.—San Antonio 1997, no writ).

There is also a pleading deficiency regarding the third condition, that the peti-

---

**1.** The 1999 amendment to Section 55.01 did not affect this case. *See* Acts 1999, 76th Leg., R.S., ch. 1236, sec. 2, 1999 Tex. Gen. Laws 4280.

tioner has not been convicted in the five years preceding the date of the arrest. Steele alleged he has not been convicted of a felony in the five years preceding "the date of the warrant." Elsewhere in his petition, Steele alleged the warrant issued on July 25, 1997, and that he was arrested on May 7, 1999. Thus, a five year period preceding the issuance of the warrant does not describe the same period of time as the five year period preceding the arrest.

Steele failed to allege facts that would entitle him to have his criminal records expunged. Therefore, we hold that the trial court erred in ordering expunction. The point of error is sustained. Because no reporter's record was made of the hearing, we have no inkling of the evidence Steele produced in support of his petition. The judgment of the trial court is reversed. We remand the cause to the trial court in the interest of justice.

### REVERSED AND REMANDED.

BURGESS, Justice, dissenting.

I respectfully dissent. Actually I concur where the majority states: " . . . we cannot say that he judicially admitted to having a final conviction on the charge he sought to expunge." This holding, in essence, affirms the case. I say this because the issue presented for review is:

> Whether it is an abuse of discretion for a court to grant a petition for expunction when it was apparent from the record that the petitioner made a judi-

cial admission in the petition for expunction that a plea of nolo contendre [sic] to a class B misdemeanor was made by the petitioner on the criminal charge that the petition was seeking to expunge.

Nowhere in the DPS's brief do they allege or argue that the pleadings are insufficient or "that the allegations contained in the petition do not demonstrate Steele's entitlement to an expunction order" (the words of the majority).[1] They, in fact, argue the converse; that the pleadings *disprove* Steele's entitlement to the expunction order because of his alleged judicial admission.

Nevertheless, I will address the majority's justification of their reversal—the insufficiency of Steele's pleadings or proof. As to the pleadings, courts have continuously held that in the absence of any special exceptions, a petition shall be construed liberally in the favor of the pleader. *See Prudential Ins. Co. of America v. Financial Review Servs., Inc.,* 29 S.W.3d 74, 81 (Tex.2000); *Boyles v. Kerr,* 855 S.W.2d 593, 601 (Tex.1993); *Attorney Gen. of Tex. v. Lavan,* 833 S.W.2d 952, 954 (Tex.1992); *Roark v. Allen,* 633 S.W.2d 804, 809 (Tex.1982); *Stone v. Lawyers Title Ins. Corp.,* 554 S.W.2d 183, 186 (Tex. 1977); *Cox v. Union Oil Co. of California,* 917 S.W.2d 524, 525 (Tex.App.—Beaumont 1996, no writ); *Sample v. Freeman,* 873 S.W.2d 470, 474 (Tex.App.—Beaumont 1994, writ denied). The DPS did not except[2] to Steele's extremely inartful and

---

1. The majority's reversal on this point is in contradiction to the dictate of *San Jacinto River Authority v. Duke,* 783 S.W.2d 209, 210 (Tex.1990). This is becoming a pattern with this court. *See In re North American Refractories Co.,* 53 S.W.3d 917, 925 (Tex.App.—Beaumont 2001, no pet. h.)(Burgess, J., dissenting); *In re Nasr,* 50 S.W.3d 23, 29 (Tex.App.—Beaumont 2001, orig. proceeding)(Burgess, J., dissenting); *Continued Care, Inc. v. Fournet,* 979 S.W.2d 419, 424 (Tex.App.—Beau-

mont 1998, pet. denied)(Burgess, J., dissenting).

2. **Rule 91. Special Exceptions**

A special exception shall not only point out the particular pleading excepted to, but it shall also point out intelligibly and with particularity the defect, omission, obscurity, duplicity, generality, or other insufficiency in the allegations in the pleading excepted to. TEX.R. CIV. P. 91.

ambiguous pleadings, therefore any defects in Steele's pleadings were waived.[3] Consequently, Steele's pleadings are not an issue on appeal.

As a final observation, the DPS did not raise insufficiency of the evidence and it is unclear if the majority relies upon insufficiency. Nevertheless, the cases are legion that without a complete record, an appellate court cannot consider sufficiency of the evidence points. *See Schafer v. Conner*, 813 S.W.2d 154, 155 (Tex.1991); *Englander Co. v. Kennedy*, 428 S.W.2d 806, 807 (Tex.1968); *Blount v. Dutton*, 967 S.W.2d 955, 956 (Tex.App.—Beaumont 1998, no pet.); *Birran v. Don Wetzel & Assocs.*, 894 S.W.2d 552, 553 (Tex.App.—Beaumont 1995, writ denied); *Byrd v. Attorney Gen. of State of Tex., Crime Victims Compensation Div.*, 877 S.W.2d 566, 568 (Tex.App.—Beaumont 1994, no writ); *Stine v. Koga*, 790 S.W.2d 412, 413 (Tex. App.—Beaumont 1990, writ dism'd by agr.); *Candelier v. Ringstaff*, 786 S.W.2d 41, 44 (Tex.App.—Beaumont 1990, writ denied); *City of Shenandoah v. Jimmy Swaggart Evangelistic Ass'n*, 785 S.W.2d 899, 905 (Tex.App.—Beaumont 1990, writ denied).

For the reasons stated, I would affirm the trial court.

**3. Rule 90. Waiver of Defects in Pleading**

General demurrers shall not be used. Every defect, omission or fault in a pleading either of form or of substance, which is not specifically pointed out by exception in writing and brought to the attention of the judge in the trial court before the instruction or charge to the jury or, in a non-jury case, before the judgment is signed, shall be deemed to have been waived by the party seeking reversal on such account; provided that this rule shall not apply as to any party against whom default judgment is rendered. Tex.R. Civ. P. 90.