Ivan Stephan FISHER, Appellant,

v.

P.M. CLINTON INTERNATIONAL INVESTIGATIONS, Appellee.

No. 01–01–00082–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

July 3, 2002.

C. Zan Turcotte, Percy L. Isgitt, Law Office of Percy L. "Wayne" Isgitt, P.C., Houston, for Appellant.

Scott Rothenberg, Law Offices of Scott Rothenberg, Bellaire, for Appellee.

Panel consists of Justices MIRABAL, TAFT, and SMITH.[*]

## OPINION

TIM TAFT, Justice.

Appellant, Ivan Stephan Fisher, challenges a post-judgment discovery order to compel and for sanctions, which was issued pursuant to a default judgment rendered against him and in favor of appellee, P.M. Clinton International Investigations (Clinton), for a suit on a sworn account. In his sole issue, Fisher contends that, because service of process was invalid for the underlying default judgment, the default judgment was void and the discovery order issued pursuant to the default judgment is also void. In response, Clinton contends this court lacks jurisdiction because the amount in controversy is less than $100, and the discovery order was not a final, appealable order. In the alternative, Clinton contends Fisher waived his complaint by not timely responding to Clinton's motion to compel or requesting relief from the trial court. We dismiss the appeal for want of jurisdiction because the trial court's order is not a final and appealable order.

## Facts

Fisher is a licensed attorney in the state of New York, who retained Clinton to investigate one of Fisher's clients. Fisher paid Clinton a retainer of $5,000, but Clinton contends Fisher owed an additional $10,700. On July 24, 1996, Clinton filed suit in the 334th District Court of Harris County. Fisher did not appear, and Clinton obtained a default judgment on December 5, 1996. Clinton requested post-judgment discovery pursuant to the default judgment in an effort to collect the judgment. Fisher did not respond for several years.

On December 21, 2000, the trial court held a hearing on the discovery motion. After hearing from both parties, the court granted the pending motion in part and held it in abeyance in part. The trial court stated it would "consider Plaintiff's request for monetary sanctions only if Defendant's bill of review proceeding is denied, and if Plaintiff's counsel raises concerns regarding the adequacy and timeliness of Fisher's responses to the rule 621a discovery that has been ordered herein."[1] The record does not reflect that the bill of review proceeding has concluded.

## Jurisdiction

As a general rule, an appeal may be taken only from a final judgment or order. *Lehmann v. Har–Con Corp.*, 39 S.W.3d 191, 194 (Tex.2001). A judgment or order is final if it disposes of every pending claim and party. *Id.* at 205. Trial-court orders that grant or deny post-judgment discovery requests are not appealable until a final judgment is rendered that disposes of all issues between the parties. *Arndt v. Farris*, 633 S.W.2d 497,

---

[*] The Honorable Jackson B. Smith, Jr., retired Justice, Court of Appeals, First District of Texas at Houston, participating by assignment.

1. The rule 621a discovery ordered by the trial court required Fisher to answer interrogatories and requests for production. Fisher was also required to pay $75 as discovery costs to plaintiff's attorney, and Fisher was to appear for deposition.

500 n. 5 (Tex.1982) (citing *Parks v. Huffington*, 616 S.W.2d 641, 645 (Tex.Civ. App.—Houston [14th Dist.] writ ref'd n.r.e.)).

 Fisher cites several cases for the proposition that discovery orders are final orders that can be appealed. *See Schultz v. Fifth Judicial Dist. Court of Appeals*, 810 S.W.2d 738, 740 (Tex.1991); *Qualia v. Qualia*, 37 S.W.3d 128, 129 (Tex.App.— San Antonio 2001, no pet.); *In re L.A.M. Assoc.*, 975 S.W.2d 80, 84 (Tex.App.—San Antonio 1998, no pet.); *Thomas v. Thomas*, 917 S.W.2d 425, 436 (Tex.App.—Waco 1996, no writ). These cases are distinguishable, and none addresses rule 621a orders.[2] *Schultz* discusses post-judgment orders that resolve all suits between all parties. *See Schultz*, 810 S.W.2d at 740. The other cases discuss turnover orders and mandatory injunctions, both of which are final in resolving disputes between parties. *See Qualia*, 37 S.W.3d at 129; *L.A.M.*, 975 S.W.2d at 84; *Thomas*, 917 S.W.2d at 436. Because a post-judgment discovery order does not resolve all the disputes between the parties, a rule 621a order is not a final and appealable order. *See Arndt*, 633 S.W.2d at 500; *Parks*, 616 S.W.2d at 645.

Moreover, the record reflects that other matters are still pending. The order dated December 21, 2000 states that the trial court neither granted nor denied sanctions. The trial court also stated sanctions would only be considered if Fisher's bill of review were denied or if Fisher failed to comply with the rule 621a discovery order. The record does not reflect the outcome of the bill of review proceeding.

 We hold that the rule 621a discovery order in this case is not a final order or judgment that can be appealed. We further hold Fisher's contention that he did not receive notice for the underlying default judgment is not ripe for appeal until the trial court has ruled on all pending matters. Having held that the trial court's order is not a final appealable order, we need not address whether the amount in controversy was over $100, nor whether Fisher waived his complaint.

### Conclusion

We dismiss the appeal for want of jurisdiction.

---

**2.** Rule 621a provides for discovery and enforcement of judgments. *See* Tex R. Civ. P. 621a.