NO. 07-02-0436-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

NOVEMBER 13, 2003
_____

SIP CAMPBELL, individually
and d/b/a SIPS OIL AND GAS,

Appellant

v.

MIKE CAMPBELL,

Appellee
_____

FROM THE 84TH DISTRICT COURT OF HUTCHINSON COUNTY;

NO. 33,745; HON. WILLIAM D. SMITH, PRESIDING
_____

**MEMORANDUM OPINION**

_____

Before JOHNSON, C.J., and QUINN AND REAVIS, JJ.

Appellant Sip Campbell, individually and d/b/a Sips Oil and Gas (Sips) appeals from a post-answer default judgment awarding Mike Campbell (Campbell) damages to recompense personal injuries. The two issues before the court involve whether 1) the trial court erred by stating in the judgment that Sips appeared *pro se*, announced ready for trial,

did not contest liability, waived a jury trial, and stipulated to damages and 2) the evidence was factually sufficient to support the damages awarded. We affirm.

## *Background*

The record reflects that Campbell sued Sips and Keith Wilson for damages sustained after Campbell was struck in the skull by the head of a sledge hammer. Both defendants answered. When the suit came for trial, only Campbell appeared, however. The trial court asked aloud if the defendants or anyone representing them were present, and hearing no response, it directed Campbell to proceed with the trial. He did so by describing the events which gave rise to his injury. So too did he describe the extent of his damages; the latter were compiled in a summary which the trial court received into evidence. According to that summary, the damages totaled $152,496.40.

The trial court signed, on April 24, 2002, a judgment adjudicating that Campbell recover from Sips the sum of $152,496.40 and court costs. Nothing was said about pre or post judgment interest. Nor did the trial court 1) mention Wilson or his liability, if any, 2) include a Mother Hubbard Clause denying all other relief or claims which it did not grant, or 3) attribute any portion of the total damage award to any element of damage.

Over five months passed before Campbell filed a pleading on October 3, 2002, non-suiting Wilson. On that very same day, October 3rd, the trial court signed an order directing "that all claims by . . . Campbell against . . . Wilson, individually are non-suited." Twenty-one days then passed before Sips filed his "Notice of Restricted Appeal." Therein, he stated his desire to "appeal from the judgment rendered against [him] . . . on April 24, 2002."

### *Preliminary Issue – Restricted Appeal*

Sips attempts to prosecute this matter as a restricted appeal. To be entitled to do so, he must establish, among other things, that he did not file a timely notice of appeal. TEX. R. APP. P. 30. Here, the record discloses that Campbell sued Sips and Wilson. However, the judgment entered on April 24, 2002, neither mentioned Wilson nor contained a Mother Hubbard clause.[1] Nor did it purport to adjudicate, in any way, form or fashion, his purported liability to Campbell. Given this, it was not final for purposes of appeal. *Fisher v. P.M. Clinton Intern. Investigations*, 81 S.W.3d 484, 486 (Tex. App.–Houston [1st Dist.] 2002, no pet.) (stating that a judgment is not final if it fails to adjudicate the claims against all parties). Nor did it become final until Campbell non-suited his claims against Wilson on October 3, 2002. At that point all claims against all the defendants were disposed of in one way or another.

Next, one generally has 30 to 90 days to appeal from a final judgment. TEX. R. APP. P. 26.1(a). By filing his notice of appeal within 30 days of October 3rd, Sips' notice was timely under Rule 26.1(a). TEX. R. APP. P. 30. Thus, he cannot prosecute this matter as a restricted appeal, and given that his notice was timely, we treat the appeal as we would any other normal, unrestricted appeal.

### *Issue One – Error in the Judgment's Recitals*

Through his first issue, Sips contends that the trial court "erred in its Final Judgment by ruling that [he] appeared *pro se* and announced ready for trial, . . . did not contest

---

[1]Through a Mother Hubbard clause, the trial court denies all relief which it did not expressly grant. It is used as indicia signifying that the judgment is final. *Reagan v. Marathon Oil Co.,* 50 S.W.3d 70, 74-76 (Tex. App.–Waco 2001, no pet.).

liability and waived [his] right to a jury trial and by further ruling that the damages were based on stipulations . . . ." These purportedly warrant the reversal of the judgment. We disagree and overrule the issue.

Regarding the allegation that the parties waived their right to a jury trial, we find the recital to be correct. Sips did not appear at trial. According to Rule 220 of the Texas Rules of Civil Procedure, the "failure of a party to appear for trial shall be deemed a waiver by him of the right to trial by jury." So, Sips waived his right to a jury trial.

As to the other recitals mentioned, we do indeed find them to be inaccurate. Again, Sips did not appear *pro se* at trial and announce ready. Nor did he stipulate to any damages. He also contested liability by filing a general denial. Yet, before the judgment may be reversed, we must conclude after perusing the entire record that these errors either caused the rendition of an improper judgment or prevented the appellant from properly presenting his case on appeal. TEX. R. APP. P. 44.1(a)(1) & (2). In making this determination, we initially note that Sips addressed neither prong of Rule 44.1(a) in his brief. *See Goode v. Shoukfeh*, 915 S.W.2d 666, 673 (Tex. App.–Amarillo 1996) *aff'd*, 943 S.W.2d 44 (Tex. 1997) (noting that the appellant did not claim or attempt to show harm and that without such a showing the judgment could not be reversed). Additionally, we do not see how the inaccurate recitals may have hampered his ability to present his case on appeal. So, we cannot say that the circumstances before us fit within the scope of Rule 44.1(a)(2).

As to the other prong of Rule 44.1(a), whether the inaccurate recitals probably caused the rendition of an improper judgment depends upon whether they affected the

4

outcome. Simply put, if they make no difference to or have no impact upon the actual adjudication of the rights involved they cannot be deemed harmful or sufficient to warrant reversal of the judgment. We find that to be the situation here. Sips may have filed an answer but he did not appear at trial.[2] However, Campbell did appear and offered testimony and exhibits explaining the cause and nature of his injury. Moreover, Sips does not contend that the evidence presented by Campbell failed to establish his liability.[3] Next, while there may not have been any stipulation regarding damages, Campbell nonetheless presented evidence and exhibits in effort to show himself entitled to them. In sum, we cannot see from the appellate record before us how the inaccurate recitals affected the outcome or induced the trial court to adjudicate the rights involved in the manner that it did. So, reversal is unwarranted.

### *Issue Two – Factual Sufficiency of the Evidence*

Next, Sips argues that the "amount of damages awarded was excessive and the evidence presented by the Appellee in support of his damages was factually insufficient . . . ." We overrule the issue.

The act of Sips in failing to appear for trial constituted a post-answer default. However, such a default does not constitute an abandonment of the previously filed answer or an implied confession of any issue. *Stoner v. Thompson*, 578 S.W.2d 679, 682

---

[2]Sips does not suggest that he was denied prior or timely notice of the trial.

[3]Sips does argue in his second issue that the evidence underlying the damage award was factually insufficient. Though we address that matter elsewhere in our opinion, we do note at this time the absence of any suggestion that the supposed evidentiary deficiency was somehow caused or affected by the inaccurate recitals in the judgment. Nor does our own review of the record illustrate a link between the recitals, the quantum of evidence presented at trial, or the amount of damages awarded in the judgment.

(Tex. 1979); *Texas Dept. Pub. Safety v. Steele*, 56 S.W.3d 352, 353 (Tex. App.–Beaumont 2001, no pet.). Nor does it relieve the plaintiff from proving his case. *Id.* So, to the extent that Campbell sought damages he was obligated to tender that quantum of evidence sufficient to support any award that he may have received from the factfinder.

Here, and as evinced from the summary tendered to the trial court, Campbell sought damages for past and future medical expenses, past and future pain and suffering, past and future physical impairment, and past and future mental anguish. Furthermore, the trial court awarded him $152,496.40. However, it did not specify how that sum was to be divided between medical expenses, pain and suffering, physical impairment, or mental anguish. Nor does the record disclose that Sips asked the trial court to execute findings of fact or conclusions of law illustrating how the sum was to be divided among the various elements of damage sought by Campbell.[4] Furthermore, in attacking the total award, Sips does not assert that the evidence was insufficient to sustain an award for past and future physical impairment or past and future pain and suffering. Nor does he suggest that the evidence would not have permitted the trial court to attribute the entire award to those elements. And, therein lies the problem. To successfully challenge a multi-element damage award on appeal, the appellant must address all of the elements and illustrate why

---

[4]It may well be that the trial court simply adopted Campbell's summary and intended to divide the award among the respective elements of damage in the manner desired by Campbell. Or, it may be that the trial court opted not to award him damages for past and future mental anguish but instead doubled the amount attributable to past and future physical impairment. Or, it could be that the trial court opted not to award Campbell anything other than damages for past and future pain and impairment; indeed, his having suffered a broken zygomatic arch upon being hit with a sledge hammer, his current inability to lift more than 20 pounds without suffering neck pain, his inability to participate in activities that put pressure on his spine, his continuous headaches, and his having continued difficulty with his arm and shoulder may justify a factfinder awarding $150,000 for those elements alone. To say which the trial court did or what it intended, though, would be mere speculation on our part without the benefit of findings of fact.

the evidence is insufficient to support the entire award. *Golden Eagle Archery Inc. v. Jackson*, No. 01-0007, 2003 WL 22100919 (Tex. September 11, 2003); *Norfolk Southern Rwy. Co. v. Bailey*, 92 S.W.3d 577, 583-84 (Tex. App.–Austin 2002, no pet.); *Brookshire Bros., Inc. v. Lewis,* 997 S.W.2d 908, 921-22 (Tex. App.–Beaumont 1999, pet. denied); *Price v. Short*, 931 S.W.2d 677, 688 (Tex. App.–Dallas 1996, no writ). And, should he fail to address any potential element of the award, (*e.g.* should he attack only medical expense when damages for pain and suffering were also sought), that results in waiver of the challenge. *Id.* So, because Sips did not attack each potential element of the damage award, he did not preserve his claim of error. *Brookshire Bros., Inc. v. Lewis,* 997 S.W.2d at 921-22.

Accordingly, the judgment is affirmed.


Brian Quinn
Justice

7