# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-08-00142-CV

Texas Department of Public Safety, Appellant

v.

Kaisar Abbas Borhani, Appellee

## FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 277TH JUDICIAL DISTRICT NO. 06-646-C277, HONORABLE KEN ANDERSON, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

In this restricted appeal, the Texas Department of Public Safety ("DPS") appeals the trial court's expunction of Kaisar Abbas Borhani's conviction for theft. *See* Tex. R. App. P. 30. DPS contends that Borhani produced no evidence to support his petition for expunction and that the order was therefore erroneous. Because we find insufficient evidence to support the trial court's order of expunction, we reverse the trial court's order and remand to the trial court for further proceedings.

## BACKGROUND

On August 29, 2006, Borhani filed a petition for expunction of his criminal record relating to his arrest and conviction for theft. In his petition, he admitted he had pleaded no contest to the offense of "Theft 'B' reduced to Theft 'C'", a class C misdemeanor committed on 2/11/06

as charged by the complaint or information herein." According to his judgment and sentence, in July 2006, he was found guilty and ordered to pay a $250 fine. In his petition for expunction, Borhani alleged that because an "indictment or information was presented" but was "subsequently dismissed or quashed" and he pleaded no contest "thereby indicating a lack of probable cause at the time of the dismissal," the charge did not result in a final conviction and he was entitled to expunction pursuant to article 55.02 of the Texas Code of Criminal Procedure. *See* Tex. Code Crim. Proc. Ann. art. 55.02 (West Supp. 2008). He properly notified DPS of his request pursuant to article 55.02. *Id*.

In response to the petition, DPS filed special exceptions, an affirmative defense, and a general denial, asserting that Borhani was not entitled to expunction because he pleaded no contest to the misdemeanor offense of theft and received a conviction pursuant to the plea, which is a bar to expunction. *See id*. art. 55.01 (West 2006). On August 29, 2006, the trial court set a hearing on the matter for October 5, 2006. The hearing was reset, and a hearing was eventually held on September 5, 2007. DPS does not complain that it did not receive notice of the hearing but it did not appear at the hearing.

At the hearing on September 5, 2007, Borhani's counsel offered no evidence. A transcript of the hearing shows that the hearing lasted for one minute and that Borhani's counsel represented to the court that the DPS attorney had been notified of the setting but was not present. The trial court granted the petition for expunction. In pertinent part, the order states that Borhani is entitled to expunction because the court finds:

that the circumstances surrounding the dismissal of said offense or the quashing of the indictment or information indicate that there was an absence of probable cause at the time of such dismissal because Petitioner entered a plea of no contest to the office [sic] of Theft "B" reduced to Theft "C" misdemeanor.

## DISCUSSION

On appeal, DPS argues that the evidence in the record is legally insufficient to show strict compliance with "each of the [] conditions" of article 55.01(a)(2), because Borhani presented no evidence that he was entitled to expunction. Further, DPS argues that Borhani was not entitled to expunction because he pleaded no contest to the offense he sought to expunge and article 55.01 generally prohibits expunction of an arrest that results in a conviction.

### *Restricted Appeal*

To attack an order by restricted appeal, DPS must show (1) it was a party who did not participate, either in person or through counsel, in the hearing that resulted in the judgment complained of; (2) it filed a notice of appeal within six months after the order was signed; (3) it did not timely file a postjudgment motion or request findings of fact and conclusions of law; and (4) error is apparent on the face of the record. Tex. R. App. P. 26.1(c), 30; *Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex. 2004). Borhani does not contest that DPS is a proper party to this suit, and DPS did not participate in the hearing in which the expunction was granted. The record also reflects that DPS filed a notice of a restricted appeal within six months of the expunction order, and did not file any postjudgment motions. Thus, DPS has satisfied the first three requirements for a restricted appeal. We must then determine whether DPS has met the fourth element—that error is apparent on the face of the record. *See Norman Commc'ns v. Texas Eastman Co.*, 955 S.W.2d

3

269, 270 (Tex. 1997). The face of the record includes all papers on file in the appeal and the reporter's record, if any. *Id*. A restricted appeal affords the appellant the same scope of review as an ordinary appeal, i.e., the entire case. *Id*.

### Applicable Law

Texas Code of Criminal Procedure article 55.01 governs a petitioner's right to an expunction; article 55.02 governs the procedures for expunctions. *See* Tex. Code Crim. Proc. Ann. arts. 55.01, 55.02. These provisions are mandatory and must be complied with in an expunction proceeding. *See, e.g.*, *Tex. Dep't of Pub. Safety v. Deck*, 954 S.W.2d 108, 112 (Tex. App.—San Antonio 1997, no writ).

The petitioner in an expunction proceeding has the burden of proving compliance with the statutory requirements. *McCarroll v. Texas Dep't of Pub. Safety*, 86 S.W.3d 376, 378 (Tex. App.—Fort Worth 2002, no pet.); *Texas Dep't of Pub. Safety v. Aytonk*, 5 S.W.3d 787, 788 (Tex. App.—San Antonio 1999, no pet.). Article 55.01 of the Texas Code of Criminal Procedure provides wrongfully arrested persons the opportunity to expunge their arrest records. Tex. Code Crim. Proc. Ann. art. 55.01; *McCarroll*, 86 S.W.3d at 378. Although section 55.01 is in the Texas Code of Criminal Procedure, an expunction proceeding is civil in nature. *McCarroll*, 86 S.W.3d at 378.

Borhani, as the one requesting expunction, bears the burden of proof. *Ex parte Wilson*, 224 S.W.3d 860, 862 (Tex. App.—Texarkana 2007, no pet.); *Heine v. Texas Dep't of Pub. Safety*, 92 S.W.3d 642, 646 (Tex. App.—Austin 2002, pet. denied); *Texas Dep't of Pub. Safety v. Williams*, 76 S.W.3d 647, 650 (Tex. App.—Corpus Christi 2002, no pet.). Expunction will not

be granted unless the petitioner satisfies each of the statutory requirements. *Wilson*, 224 S.W.3d at 862-63; *Perdue v. Texas Dep't of Pub. Safety*, 32 S.W.3d 333, 335 (Tex. App.—San Antonio 2000, no pet.). Moreover, courts have no equitable power to extend the right to expunction beyond that allowed by statute. *Williams*, 76 S.W.3d at 650; *Texas Dep't of Pub. Safety v. Wiggins*, 688 S.W.2d 227, 229 (Tex. App.—El Paso 1985, no writ).

Article 55.01(a) provides that a petitioner is entitled to expunction when:

(1)     the person is tried for the offense for which the person was arrested and is:

    (A)     acquitted by the trial court, except as provided by Subsection (c) of this section; or

    (B)     convicted and subsequently pardoned; or

(2)     each of the following conditions exist:

    (A)     an indictment or information charging the person with commission of a felony has not been presented against the person for an offense arising out of the transaction for which the person was arrested or, if an indictment or information charging the person with commission of a felony was presented, the indictment or information has been dismissed or quashed, and:

        (i)     the limitations period expired before the date on which a petition for expunction was filed under Article 55.02; or

        (ii)     the court finds that the indictment or information was dismissed or quashed because the presentment had been made because of mistake, false information, or other similar reason indicating absence of probable cause at the time of the dismissal to believe the person committed the offense or because it was void;

(B)     the person has been released and the charge, if any, has not resulted in a final conviction and is no longer pending and there was no court ordered community supervision under Article 42.12 for any offense other than a Class C misdemeanor; and

(C)     the person has not been convicted of a felony in the five years preceding the date of the arrest.

Tex. Code Crim. Proc. Ann. art. 55.01(a)(1), (2).

The trial court is required to set a hearing on a petition for expunction. *Id*. art. 55.02, § 2(c); *McCarroll*, 86 S.W.3d at 378. Such a hearing does not necessarily have to be an oral hearing. *Wilson*, 224 S.W.3d at 863; *see, e.g.*, *Gulf Coast Inv. Corp. v. NASA 1 Bus. Ctr.*, 754 S.W.2d 152, 153 (Tex. 1988) (unless required by express language of particular rule, "hearing" does not necessarily contemplate either a personal appearance before court or an oral presentation to court). A trial court, for example, may rule on an expunction petition without conducting a formal hearing and without considering live testimony, if it has available the necessary proof to satisfy the various requirements of the statute. *Wilson*, 224 S.W.3d at 863.

*Failure to Present Evidence*

DPS contends that the trial court erred in granting Borhani's petition for expunction because Borhani failed to submit evidence to satisfy the statutory requirements for expunction. Specifically, DPS asserts that Borhani was required to prove that he satisfied the requirements of article 55.01(a)(2) of the Texas Code of Criminal Procedure in order to be entitled to expunction. *See* Tex. Code Crim. Proc. Ann. art. 55.01(a)(2). We agree.

It is well settled that the right to expunction is a statutory privilege, that all provisions are mandatory, and that the petitioner has the burden of proving that all statutory requirements have been satisfied in order to be entitled to expunction. *In re A.R.*, 225 S.W.3d 643, 646 (Tex. App.—El Paso 2006, no pet.); *Williams*, 76 S.W.3d at 650; *Texas Dep't of Pub. Safety v. Steele*, 56 S.W.3d 352, 354 (Tex. App.—Beaumont 2001, no pet.). Because he had neither been acquitted of the offense identified in the petition, nor convicted and subsequently pardoned for said offense, *see* Tex. Code Crim. Proc. Ann. art. 55.01(a)(1), Borhani was required to prove that he satisfied the conditions in article 55.01(a)(2). *Id*. art. 55.01(a)(2). However, the record does not reflect that Borhani presented any evidence to prove satisfaction of these requirements. Borhani has therefore failed to establish his entitlement to expunction. *Williams*, 76 S.W.3d at 651.

When DPS filed its general denial and affirmative defense in response to Borhani's petition, such answer was sufficient to put the matter at issue. Tex. R. Civ. P. 92. Once the matter is in issue and the petitioner's allegations are controverted, the petitioner must present evidence to substantiate his pleadings in order to prevail. *Texas Dep't of Pub. Safety v. Claudio*, 133 S.W.3d 630, 632-33 (Tex. App.—Corpus Christi 2002, no pet.). A court may not take the allegations in the pleadings to be true absent testimony, other proof such as affidavits, or admissions by the other party. *Id*.; *see Hidalgo v. Surety Sav. & Loan Ass'n*, 462 S.W.2d 540, 543 (Tex. 1971); *Tschirhart v. Tschirhart*, 876 S.W.2d 507, 508 (Tex. App.—Austin 1994, no writ). The allegations alone in a verified petition, after being put in issue by a general denial, do not constitute proof of those allegations. Thus, we conclude that there is no evidence to support Borhani's expunction and that the trial court erred in ordering Borhani's records expunged.

7

The judgment granting Borhani's requested expunction recites only that the trial court finds that the circumstances surrounding the dismissal of the offense or the quashing of the indictment or information "indicate that there was an absence of probable cause," but that Borhani entered a plea of no contest. The order does not reflect that the court considered any evidence to support such finding. No evidence was offered in the one-minute hearing. No evidence appears in the record before us to support the finding. Because the trial court's order was rendered without considering sufficient evidence to support expunction, it was error.

DPS also urges that Borhani pleaded no contest to the offense he sought to expunge which resulted in a final conviction, albeit a Class C misdemeanor, and that he is therefore ineligible for expunction. Borhani alleged in his petition that the charge "has not resulted in a final conviction and is no longer pending." Thus, Borhani claimed he did not receive a conviction and was therefore entitled to have the arrest and "indictment or information" expunged. Because a final conviction is a bar to later expunging records of the arrest and conviction and this includes convictions for charges reduced to Class C misdemeanors except as provided in the statute, *Rodriguez v. State*, 224 S.W.3d 783, 785 (Tex. App.—Eastland 2007, no pet.), Borhani is not entitled to expunction if he has a final conviction. The judgment reflects that Borhani pleaded no contest, was found guilty, and sentenced. Because (i) Borhani failed to offer proof as to any condition of the statute as previously discussed, (ii) he has failed to demonstrate his entitlement to an expunction order, and (iii) this is a restricted appeal, we need not reach this issue.

We reverse the order and remand this matter to the trial court for further proceedings.

_____

Jan P. Patterson, Justice

Before Justices Patterson, Waldrop and Henson

Reversed and Remanded

Filed:   October 3, 2008