

# COURT OF APPEALS

## SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 2-10-037-CV

PATRICIA A. RUDDER                                    APPELLANTS
AND BRETT ARNOLD

V.

B.R. ISRAEL                                                    APPELLEE

------------

FROM COUNTY COURT AT LAW NO. 2 OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

Appellants Patricia A. Rudder and Brett Arnold attempt to appeal the trial court's January 28, 2010 "Order on Motion to Compel Answers to Interrogatories in Aid of Judgment." On February 16, 2010, we notified Appellants of our concern that this court lacked jurisdiction over this appeal because the order does not appear to be an appealable order. We also stated that the appeal would be dismissed unless

---

[1] *See* Tex. R. App. P. 47.4.

Appellants or any party desiring to continue the appeal filed with the court on or before February 26, 2010, a response showing grounds for continuing the appeal.

On February 26, 2010, Appellants filed a motion for extension of time to respond to our February 16, 2010 letter questioning jurisdiction. We granted the motion and ordered Appellants' response due on or before March 11, 2010. We received no response to our jurisdictional letter by March 11, 2010. Instead, on March 15, 2010, after the deadline to respond had expired, Appellants filed a second motion for extension of time to respond to our letter questioning jurisdiction. In setting forth the reasons why the second extension should be granted, Appellants' motion coincidentally identifies several facts (set forth below) that have the effect of demonstrating why this court lacks jurisdiction over this appeal. We deny Appellants' second motion for extension of time to respond to our February 16, 2010 jurisdictional letter.

Generally, an appeal may be taken only from a final judgment or order. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). Trial court orders granting or denying post-judgment discovery requests are not appealable until a final judgment is rendered disposing of all issues between the parties. *Arndt v. Farris,* 633 S.W.2d 497, 500 n.5 (Tex. 1982) (orig. proceeding); *Fisher v. P.M. Clinton Int'l Investigations*, 81 S.W.3d 484, 486 (Tex. App.—Houston [1st Dist.] 2002, no pet.) (reasoning that a rule 621a order is not a final and appealable order); *Arbor Holding Co., Inc. v. The Cadle Co.*, No. 01-01-00755-CV, 2002 WL 1480907, at *2 (Tex.

2

App.—Houston [1st Dist.] July 11, 2002, no pet.) (not designated for publication) (same). Here, Appellee B.R. Israel filed his motion to compel answers to interrogatories in aid of judgment pursuant to rules of civil procedure 621a and 215. Appellants state in their second motion for extension of time that motions for sanctions have been filed by both sides and that Appellants' sanctions motion "has not yet been set for hearing." The order that Appellants attempt to appeal is not a final, appealable order. *See Lehmann*, 39 S.W.3d at 195; *Arndt*, 633 S.W.2d at 500 n.5; *Fisher*, 81 S.W.3d at 486. Accordingly, we dismiss this appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a), 43.2(f).

PER CURIAM

PANEL: MEIER, J.; LIVINGSTON, C.J.; and DAUPHINOT, J.

DELIVERED: April 22, 2010