

# COURT OF APPEALS

### SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-14-00337-CV

NOORDDIN POONJANI, SHOWKET
PANJWANI, AND 1ST NATIONS
FASTOP MARKETING, INC.

APPELLANTS

V.

ZAINAB KAMALUDDIN, AS THE
TRUSTEE OF THE
ABDULHAMEED AND ZAINAB
KAMALUDDIN FAMILY TRUST

APPELLEE

----------

### FROM THE 211TH DISTRICT COURT OF DENTON COUNTY
### TRIAL COURT NO. 2013-30033-211

----------

## MEMORANDUM OPINION[1]

----------

Appellants Noorddin Poonjani, Showket Panjwani, and 1st Nations Fastop

Marketing, Inc. attempt to appeal the trial court's September 18, 2014 order

---

[1]*See* Tex. R. App. P. 47.4.

granting Appellee Zainab Kamaluddin, as the Trustee of the Abdulhameed and Zainab Kamaluddin Family Trust's motion to compel Appellants to answer interrogatories in aid of judgment and Poonjani and Panjwani to appear for postjudgment depositions.[2] On October 23, 2014, we notified Appellants of our concern that this court lacks jurisdiction over this appeal because the order does not appear to be an appealable order. We also stated that the appeal would be dismissed for want of jurisdiction unless Appellants or any party desiring to continue the appeal filed with the court on or before November 3, 2014, a response showing grounds for continuing the appeal. *See* Tex. R. App. P. 42.3(a), 44.3.

Generally, an appeal may be taken only from a final judgment or order. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). A judgment or order is final if it disposes of every pending claim and party. *Id.* at 205. Trial court orders granting or denying postjudgment discovery requests are not appealable until a final judgment is rendered that disposes of all issues between the parties. *Arndt v. Farris*, 633 S.W.2d 497, 500 n.5 (Tex. 1982) (orig. proceeding); *Rudder v. Israel*, No. 02-10-00037-CV, 2010 WL 1633376, at *1 (Tex. App.—Fort Worth Apr. 22, 2010, no pet.) (mem. op.); *see Fisher v. P.M. Clinton Int'l Investigations*, 81 S.W.3d 484, 486 (Tex. App.—Houston [1st Dist.] 2002, no pet.) (reasoning that a rule 621a order is not a final and appealable

---

[2]Poonjani and Panjwani were also ordered to pay $3,000 in attorney's fees and expenses incurred in connection with the motion to compel to Kamaluddin.

2

order); *Arbor Holding Co., Inc. v. The Cadle Co.*, No. 01-01-00755-CV, 2002 WL 1480907, at *2 (Tex. App.—Houston [1st Dist.] July 11, 2002, no pet.) (not designated for publication) (same).

Here, Appellee filed his motion to compel responses to interrogatories in aid of judgment and appearances at postjudgment depositions sought pursuant to rule 621a. *See* Tex. R. Civ. P. 621a (permitting discovery for purposes of obtaining information to aid in the enforcement of judgments). In their response, Appellants cite *Walker v. Packer*, 827 S.W.2d 833 (Tex. 1992), for the propositions that discovery orders can be appealed after final judgment and that mandamus relief is rarely available for orders relating to discovery disputes. The discovery orders at issue in *Walker*, however, were pretrial discovery orders. *See id.* at 835–37. *Walker* does not address the appealability of postjudgment discovery orders. Moreover, other matters are still pending in the trial court. Appellee filed a motion in the trial court seeking sanctions for Appellants' failure to comply with trial court's September 18, 2014 order, and the trial court has not ruled on the motion.

Therefore, the order that Appellants attempt to appeal is not a final, appealable order. *See Lehmann,* 39 S.W.3d at 195; *Arndt*, 633 S.W.2d at 500 n.5; *Rudder*, 2010 WL 1633376, at *1; *Fisher*, 81 S.W.3d at 486. Accordingly, we dismiss this appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a), 43.2(f).

3

PER CURIAM

PANEL:  GARDNER, WALKER, and MEIER, JJ.

DELIVERED:  December 4, 2014

4